SHADLE, J.,
— This is a petition by which defendant seeks a new trial on the sole ground that he was denied his constitutional right to representation at trial by competent counsel. Counsel was appointed to represent defendant on the petition, a rule was granted upon the Commonwealth, an evidentiary hearing was held, and the case was submitted on the record.
Defendant was charged with aggravated assault and battery upon a man who he claimed had followed his wife home, and whom defendant confronted and beat outside the home. The episode occurred in the presence of defendant’s wife and two other eyewitnesses who lived in the same premises. These witnesses described the beating as severe, unprovoked and unjustified. Defendant’s wife did not appear or testify. Defendant admitted the beating, but attempted to justify it on the ground that the victim had allegedly followed his wife home and had attempted to enter the house just before the beating occurred. The case was tried before a jury which convicted defendant. He was represented at arraignment and trial by the Public Defender, who filed post- *355 verdict motions. After argument, the motions were overruled. On May 19, 1969, defendant was sentenced to imprisonment in a State correctional institution for one and a half to three years. No appeal was taken from the judgment of sentence. The instant petition was filed on April 8, 1970, and after remand for amendment was refiled on June 30,1970.
The sole basis for defendant’s claim that his trial counsel was incompetent was that he proceeded to trial without having subpoenaed defendant’s wife to be present to testify on his behalf, as defendant had requested be done. Although defendant makes some reference to his understanding that a continuance of the trial had been requested and refused, there is no record of this and his trial counsel refutes it. There is in the record no request for a continuance, no objection to trial and no reference to this matter in the post-verdict motions. This being so, the claim might be considered waived by failure to assert it in the trial court and failure to appeal. However, we shall consider defendant’s contention on its merits.
Defendant testified at the hearing that between his arrest and trial his wife had been friendly and cooperative and visited him. He told her it was important that she testify for him at trial, he asked her to do so and she knew the time of trial. However, she indicated that she did not want to testify because she was nervous and afraid. It was for this reason he asked his trial counsel to subpoena her and furnished him her address for that purpose. When counsel advised him his wife was no longer living there, he testified he gave counsel another address where he believed she might be found.
Defendant further stated that when he discovered that his wife was not present at the trial and had not been subpoenaed, he told counsel he did not want *356 to proceed to trial. However, he testified counsel advised that the case was an easy one which could easily be won and that the trial should proceed. Defendant apparently acquiesced in this.
Defendant’s trial counsel presented a more refined version of these events. He emphasized that he and defendant had considerable doubt whether the wife would testify favorably for him, and for this reason he attempted to locate and contact her, but she had removed from the address furnished by defendant and could not be located. Counsel denied that defendant had given any other possible addresses. He also categorically denied that defendant had insisted that the wife be subpoenaed to compel her attendance, and stated that both he and defendant merely were interested in knowing whether or not she would testify favorably before any attempt would be made to compel her presence.
Counsel further testified that when the wife was not present at trial, defendant agreed to proceed to trial in her absence because counsel did, in fact, believe and advise him that there was a good chance of winning the case. Counsel stated that it was only during trial when the Commonwealth witnesses testified contrary to what defendant had led him to believe, that it became apparent that the testimony of the wife would have been helpful, provided, of course, she had testified favorably for defendant.
It is apparent, therefore, that from the wife’s expressed reluctance to defendant, her unexplained absence from her former residence and her unknown whereabouts, and despite his emphasis to her of the importance of her testimony, there was a distinct and serious possibility that she might have testified unfavorably for defendant.. Counsel did attempt to contact her at her only known residence *357 and was unable to find her there or elsewhere. To have blindly called her as a witness, even if she could have been found, might have been extremely dangerous.
In determining whether a defendant has been deprived of the effective assistance of counsel, counsel is deemed to have been effective when the court concludes that his action had some reasonable basis designed to effectuate his client’s interest, the test not being whether, from hindsight, other alternatives were more reasonable, but his stewardship in the challenged trial, and the burden is on defendant to show that counsel, in fact, was ineffective: Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599 (1967); Commonwealth v. Faison, 437 Pa. 432 (1970).
We conclude in this case, therefore, that trial counsel did all that was possible to locate and procure the presence of defendant’s wife as a witness, that his failure to do so was due to no dereliction on his part, that his decision to proceed to trial in her absence was reasonably designed to effectuate his client’s interest, and was, in fact, acquiesced in by defendant. It follows, therefore, that defendant has failed to establish that he was deprived of his constitutional right to representation at trial by competent counsel.
ORDER
And now, to wit: This January 11, 1971, the prayer of defendant’s petition is refused, and said petition is dismissed. An exception is noted on his behalf.
The clerk of courts shall furnish copies of this opinion and order to defendant, to counsel for both parties and to the Pennsylvania Board of Probation and Parole.